**STRONG & HANNI**
**LAW FIRM**

JOSEPH SHAPIRO
SALT LAKE CITY OFFICE
102 SOUTH 200 EAST, SUITE 800
SALT LAKE CITY, UT 84111
T: 801.532.7080
jshapiro@strongandhanni.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/7/2022

September 7, 2022

Judge Mary Kay Vyskocil
VyskocilNYSDChambers@nysd.uscourts.gov

*SENT VIA ECF*
*COURTESY COPY SENT VIA EMAIL*

*RE: Case No. 19-cv-9308-MKV – Request for clarification on scope of infringing products*

Dear Judge Vyskocil,

      Defendant has received and reviewed the Court's Scheduling Order regarding damages summary judgment (ECF No. 76) but the scope of infringing products is still unclear. The Court's order requires Defendant to "provide to Plaintiff an updated spreadsheet of Defendant's sales via Defendant's website for 2020, 2021, and 2022 to date." But this seems clearly overbroad. Plaintiffs have already agreed that the Court's liability summary judgment ruling does not implicate all products on Defendant's website. On June 1, 2022 Plaintiffs emailed to Defendant a list of categories of products that Plaintiffs believed were not implicated as infringing under the Court's liability summary judgment ruling. This email is not reproduced here because Plaintiffs marked it as "FRE 408." Suffice it to say that the Parties seem to have some agreement that not everything sold on dieselpowergear.com is infringing. For example, if truck parts sold on dieselpowergear.com are infringing, then every website selling truck parts now infringes Plaintiffs' trademark rights. For example, as of September 7, 2022, the following representative websites all include "diesel" in the URL and sell parts for diesel trucks: dieselpowerproducts.com, xtremediesel.com, thoroughbreddiesel.com, dieselpowerproducts.com, prosourcediesel.com. And if any of these websites sells t-shirts without the word "diesel"—those t-shirts would also be infringing depending on the scope of infringing products. If this was the Court's ruling—that anything sold on a website having "diesel" in the URL infringes Plaintiffs' trademark rights—then Defendant respectfully requests confirmation of such. If not, Defendant respectfully requests clarification as to the precise scope of products on its website that are infringing under the Court's liability summary judgment ruling.

      Defendant is concerned that if this scope-of-infringing-products issue is not resolved right now, then damages summary judgment will end up being an inefficient and wasteful re-litigation of liability issues that were already litigated for liability summary judgment. Defendant is not even clear whether it should be briefing scope-of-infringement issues, or how to brief damages calculations without knowing the scope of infringing products. Defendant's understanding is that damages summary judgment is intended to be focused on accounting and deductible expenses.

      Defendant requests a telephone conference with the Court and all Parties to clarify these issues and thereby improve the efficacy of damages summary judgment proceedings.

Respectfully submitted,

STRONG & HANNI

*[signature: Joseph Shapiro]*

_____

Joseph Shapiro

STRONG & HANNI
Joseph Shapiro

ST. ONGE STEWARD JOHNSTON & REENS LLC
Jonathan Winter

*Attorneys for Defendant Diesel Power Gear, LLC*

---

**This is an improper motion for re-argument. The request for a telephone conference is DENIED. The Defendant is instructed to follow the Order listed at Docket #76. SO ORDERED.**

Date: 9/7/2022
New York, New York

*[signature: Mary Kay Vyskocil]*
Mary Kay Vyskocil
United States District Judge