UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIESEL S.P.A. and DIESEL U.S.A., INC.,

Plaintiffs,

-against-

DIESEL POWER GEAR, LLC,

Defendant.

1:19-cv-09308 (JLR)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Defendant has made two requests to file under seal portions of the parties' cross-motions for summary judgement on damages. *See* ECF Nos. 84, 93. For the following reasons, Defendant's requests are DENIED.

Defendant seeks to redact the following information. First, in a one-paragraph letter-motion filed by Plaintiffs at Defendant's request, Defendant seeks to redact portions of the parties' joint statement of undisputed facts, Plaintiffs' brief in support of its motion for summary judgment, and a declaration submitted by Plaintiffs in support of its summary judgment motion. ECF No. 84. Defendant proposes to redact summaries of its sales information in these documents because the information was designated "confidential" during discovery. *Id.* Plaintiffs oppose this request, arguing that such information "will be integral to the Court's decision" on Plaintiffs' motion for summary judgment on damages. *Id.* Second, in another one-paragraph letter-motion, Defendant seeks to redact its own summary judgment motion and statement of undisputed facts because they contain "highly confidential sales figures, which could educate competitors on how to design a business model and compete" with Defendant. ECF No. 93.

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action . . . ." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).  A court must evaluate a request to seal under both a "common law right of public access to judicial documents," and the press and public's "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).  "If a sealing request cannot survive the common law test, it will not survive scrutiny under the First Amendment test." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-mc-02542 (VSB), 2023 WL 196134, at *1 (S.D.N.Y. Jan. 17, 2023).

There are three steps for evaluating the common law right of access: first, determine whether the information to be sealed is a "judicial document" to which the presumption of public access applies; second, determine the "weight of that presumption"; and third, "after determining the weight of the presumption of access, . . . balance competing considerations against it." *Lugosch*, 435 F.3d at 119-20 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  With respect to the third step, competing considerations may include the "need to protect sensitive commercial information from disclosure to competitors" and "the privacy interests of innocent third parties . . . ." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *32-33.  However, these considerations "must be concretely and specifically described." *Id*. at *34.  "The party opposing disclosure [of a judicial document] must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Coventry Cap. US LLC v. EEA*

*Life Settlements, Inc.*, No. 17-cv-07417 (VM) (HBP), 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)). Additionally, "the older the information is, the less appropriate it is to seal that information, particularly when the party does not explain with specificity why, despite the passage of time, the information should still be sealed." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *35.

Here, Defendant does not cite *any* legal authority or otherwise apply the governing three-step analysis in the letter-motions. *See* ECF Nos. 84, 93. Applying the three-step framework, the Court finds that Defendant's sealing requests are not narrowly tailored, nor justified under the *Lugosch* standard. With respect to steps one and two, the documents at issue here are "judicial documents" entitled to "a strong presumption of access" because the parties submitted them in connection with their summary judgment motions. *Lugosch*, 435 F.3d at 121 ("[D]ocuments submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."); *see also Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons."). The sales information Defendant seeks to redact is essential to the Court's adjudication of the parties' summary judgment motions on damages. The Court agrees with Plaintiffs that the "summaries of sales information . . . will be integral to the Court's decision" on damages at summary judgment and therefore "is not entitled to confidential treatment." ECF No. 84.

With respect to the third step, Defendant has failed to show that competing considerations outweigh the strong presumption of access for at least five reasons. First, the letter-motions are

perfunctory.  Defendant does not concretely and specifically describe business interests and harms sufficient to overcome the strong presumption of public access.  *See* ECF Nos. 84, 93. Nor is such information sufficiently clear from the face of the documents.  Without more, the Court declines to speculate that the information at issue is sufficiently sensitive in nature and tailored to the *Lugosch* standard to be sealed from the public.  *See, e.g.*, *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, No. 18-cv-11366 (LLS), 2023 WL 2674742, at *2 (S.D.N.Y. Mar. 29, 2023) (denying request to seal because the movants did not "make a specific on-the-record showing of concrete harm" and "commercially sensitive information . . . is not clear on the face of the[] exhibits"); *Matter of Upper Brook Cos.*, No. 22-mc-00097 (PKC), 2023 WL 172003, at *6 (S.D.N.Y. Jan. 12, 2023) ("The Court declines to speculate about the harm that could result if PIAM's competitors learned of the fees it charged and amounts it shared with third parties.  It is PIAM's burden to demonstrate that the information warrants sealing, and it has failed to do so.").

Second, at least some of the information Defendant seeks to redact is several years old, and Defendant has not shown why this information, even if commercially sensitive years ago, is sufficiently sensitive at this time.  *See, e.g.*, ECF No. 86 (proposed redactions to sales information beginning in 2013); *Matter of Upper Brook Cos.*, 2023 WL 172003, at *6 (denying sealing request where "the underlying invoices and agreements date back several years, and PIAM has not attempted to show that the information is not 'stale' and why disclosure would still cause harm").

Third, as noted above, the sales information sought to be sealed is central to the instant summary judgment motions on damages and will be important to understanding the Court's resolution of the parties' cross motions for summary judgment.  Indeed, both parties' summary

judgment motions require the Court to consider the sales information when evaluating an award

of profits based on Defendant's historical sales and profit information.  This factor distinguishes

the instant requests from prior sealing requests in this action.  In circumstances like this, courts

are particularly "skeptical of sealing information that is commercially sensitive . . . where it is

highly relevant to the dispute and by extension, to the public's understanding of the court's

decision."  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134,

at *33.

Fourth, the existence of a protective order for discovery does not provide sufficient

grounds to seal.  Rule 4(B)(ii) of the Court's Individual Rules of Practice in Civil Cases provides

that, "[i]n general, the parties' consent or the fact that information is subject to a confidentiality

agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor

of public access to judicial documents."  "[T]hat a document was produced in discovery pursuant

to a protective order has no bearing on the presumption of access that attaches when it becomes a

judicial document."  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL

196134, at *5 (quoting *Doe v. U.S. Immigr. & Customs Enforcement*, No. 19-cv-08892 (AJN),

2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021)); *see Dodona I, LLC v. Goldman, Sachs &

Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015) ("Thus, even if material is properly designated as

Confidential or Highly Confidential by a protective order governing discovery, that same

material might not overcome the presumption of public access once it becomes a judicial

document.").  In sum, the information sought to be sealed is entitled to a strong presumption of

public access, and Defendant has not come close to overcoming that presumption.

Accordingly, Defendant's requests to redact are DENIED.  The Clerk of Court is

respectfully directed to terminate ECF Nos. 84 and 93.  The Clerk of Court is further directed to

unseal and make visible to the public the documents at ECF Nos. 86, 88, 90, 94, 96, 97, 100, and

104.

Dated:  September 5, 2023
      New York, New York

SO ORDERED.

_Jennifer Rochon_

JENNIFER L. ROCHON
United States District Judge