UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIESEL S.p.A. and DIESEL USA, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> DIESEL POWER GEAR, LLC, <br><br> Defendant. | Case No. 1:19-cv-09308 (JLR) <br><br> **MEMORANDUM** <br> **OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On October 8, 2019, Plaintiffs Diesel S.p.A. and Diesel USA, Inc. (collectively, "Plaintiffs") brought this action against Defendant Diesel Power Gear, LLC, ("Defendant"). *See* ECF No. 1. Plaintiffs allege that Defendant's use of DIESEL POWER GEAR and DIESELSELLERZ marks on or in connection with its business, website, and apparel or accessory products infringes Plaintiffs' DIESEL lifestyle brand and marks. *Id.* ¶¶ 8, 17, 22-23, 29, 32. On March 30, 2022, the Court granted partial summary judgment in favor of Plaintiffs, holding Defendant liable for trademark infringement, trademark dilution, and federal unfair competition. *See Diesel S.p.A v. Diesel Power Gear, LLC* (*Diesel I*), No. 19-cv-09308 (MKV), 2022 WL 956223, at *21 (S.D.N.Y. Mar. 30, 2022). On September 5, 2023, the Court awarded Plaintiffs $11,823,571.37 in damages. *See Diesel S.p.A v. Diesel Power Gear, LLC* (*Diesel II*), No. 19-cv-09308 (JLR), 2023 WL 5718000, at *10 (S.D.N.Y. Sept. 5, 2023). Now before the Court is Plaintiffs' request for a permanent injunction. *See* ECF No. 116. The parties previously agreed to all aspects of the permanent injunction with one exception, which the Court considers herein. For the following reasons, Plaintiffs' requested permanent injunction is GRANTED.

## BACKGROUND

The Court assumes the reader's familiarity with the undisputed facts and conclusions of law set forth in its opinions on liability and damages, each of which the Court incorporates herein. *See generally Diesel I*, 2022 WL 956223; *Diesel II*, 2023 WL 5718000. In *Diesel I*, the Court found Defendant liable for trademark infringement, trademark dilution, and federal unfair competition on multiple grounds. 2022 WL 956223, at *21. In *Diesel II*, the Court held that Defendant's profits were an appropriate basis for damages but that an 80% discount was warranted to avoid an excessive and unwarranted windfall to Plaintiffs, and awarded Plaintiffs $11,823,571.37 in damages. 2023 WL 5718000, at *10.

On October 26, 2023, Plaintiffs filed a letter containing a proposed final judgment and permanent injunction. ECF No. 116. Plaintiffs stated that the parties had reached agreement as to the proposed final judgment and permanent injunction with one exception. *Id.* at 1. The Court ordered briefing on the outstanding issue. ECF No. 118. Plaintiffs filed a letter brief in support of their request for permanent injunction on November 9, 2023. ECF No. 119 ("Br."). Defendant filed their opposition on November 22, 2023. ECF No. 120 ("Opp."). Plaintiffs replied in further support of their request on November 29, 2023. ECF No. 121 ("Reply").

## DISCUSSION

The Court has already found Defendant liability for trademark infringement, trademark dilution, and federal unfair competition. *See generally Diesel I*, 2022 WL 956223. "All three claims allow a prevailing plaintiff to seek injunctive relief against Defendant." *Id.* at *21 (citing 15 U.S.C. § 1116(a)). "[T]he court should issue an injunction when a plaintiff has succeeded on the merits and has demonstrated that (1) it suffered irreparable harm; (2) that remedies available at law are inadequate to compensate for that injury; (3) that the balance of hardships between the parties warrants such a remedy; and (4) that the public

interest would not be disserved by the issuance of an injunction." *Diageo N. Am., Inc. v. W.J. Deutsch & Sons Ltd.*, 626 F. Supp. 3d 635, 653 (S.D.N.Y. 2022).

Because the parties have agreed to the entry of a permanent injunction, the only issue before the Court is the scope of a single provision of the parties' Proposed Final Judgment and Permanent Injunction Order. ECF No. 116-1 (the "Proposed Permanent Injunction Order"). Specifically, the dispute relates to the inclusion of the "dieselsellerz.com" domain (the "Dieselsellerz Domain") in provision I(1)(F) of the Proposed Permanent Injunction Order. Plaintiffs' proposed version of provision I(1)(F) includes the Diselsellerz Domain and would enjoin Defendant and certain related parties from using the dieselpowergear.com or dieselsellerz.com domains "for the sale of any apparel or accessory products, or as a redirect to any website that sells any apparel or accessory products." Br. at 2. Defendant argues that dieselsellerz.com should be excluded from provision I(1)(F). Opp. at 1-2.

First, Defendant asserts that "the Court never found that, absent dieselpowergear.com, using dieselsellerz.com as a used truck marketplace is or would be infringing." *Id.* at 1. Second, Defendant contends that "the requested injunction would absurdly prevent use of dieselsellerz.com as a used truck marketplace with a link/redirect to any website that sells even one apparel or lifestyle accessory item." *Id.* (emphasis omitted). The Court will examine each argument in turn.

Defendant's first argument, that "the Court's earlier summary judgment regarding diesellerz.com [sic] is vague and at most finds that dieselsellerz.com was offensive because of its relationship to the dieselpowergear.com, which was unquestionably the primary infringing [mark]," fails. *Id.* at 2. In *Diesel I*, the Court specifically found:

> Defendant also uses the DIESELSELLERZ mark as the url for
> one of its websites, www.dieselsellerz.com. The Second Circuit
> has held that, where a junior user has allegedly infringed the

3

> senior user's mark on the internet, "the subtle differences in font and other characteristics between the marks . . . are of even less significance, given that the overarching concern of the individual searching the Internet is to arrive at the correct website, which is ultimately identified by a purely text-based website address.'"

2022 WL 956223, at *8 (brackets and citation omitted, ellipses in original) (quoting *Savin Corp. v. Savin Grp.*, 391 F.3d 439, 458 (2d Cir. 2004)). Defendant thus ignores that the Court has already addressed Defendant's use of the DIESELSELLERZ mark as the URL for one of its websites, regardless of whether it is used as a standalone website or one that redirects to another. *See Diesel I*, 2022 WL 956223, at *8. If a consumer types in the Dieselsellerz Domain, and is then redirected to a website that sells apparel and accessory products, the same consumer-confusion concerns outlined in *Diesel I* arise. The injunction rightly prevents consumers from being ultimately directed to a website selling products that compete with Plaintiffs' products via a domain name that the Court already found to be confusingly similar to Plaintiffs' protected mark.

      Defendant's second argument, that the injunction will "result in an absurd finding: use of dieselsellerz.com to run a used truck marketplace with a hyperlink ('Get parts for your truck at Amazon.com') will lead to a significant number of consumers to conclude that all apparel and accessories on Amazon.com are likely made or licensed by Plaintiffs," also fails. Opp. at 2. In this case, the Court agrees with Plaintiffs that if a consumer is redirected from the Dieselsellerz Domain to another website selling apparel and accessories, the same confusion concerns discussed in *Diesel I* are implicated. *See Diesel I*, 2022 WL 956223, at *8.

      Incorporating by reference all of the reasoning in its previous opinions on liability and damages, the Court finds that Plaintiffs will suffer irreparable harm, monetary remedies are

4

inadequate to compensate for the injury, the balance of hardships warrants an injunction as a remedy, and the public interest would not be disserved by the issuance of an injunction. *See Diageo N. Am., Inc.*, 626 F. Supp. 3d at 653.  The Court therefore holds that Plaintiffs are entitled to a permanent injunction, and that provision I(1)(F) should be included in the injunction.

## CONCLUSION

Plaintiffs' request for a permanent injunction is GRANTED.  The Court will enter the Proposed Permanent Injunction Order by separate order.

Dated: December 11, 2023
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge