UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIESEL S.P.A.; AND DIESEL U.S.A., INC.<br>*Plaintiffs*<br><br>v.<br><br>DIESEL POWER GEAR, LLC<br>*Defendant* | **CIVIL ACTION NO.<br>19-cv-9308 -JLR**<br><br>**PERMANENT<br>INJUNCTION ORDER &<br>FINAL JUDGMENT** |

WHEREAS, the Court, in its Opinion and Order dated March 30, 2022 (*Docket Entry No. 54*), partially granted Plaintiffs Diesel S.p.A. and Diesel U.S.A., Inc.'s (collectively, "Plaintiffs") motion for summary judgment against Defendant Diesel Power Gear, LLC ("Defendant"), and found Defendant liable for Plaintiffs' claims of trademark infringement, trademark dilution, and federal unfair competition;

WHEREAS, the Court, in its Opinion and Order dated September 5, 2023 (*Docket Entry No. 111*), partially granted Plaintiffs' motion for summary judgment on the issue of damages, and granted Plaintiffs an award based on Defendant's net profits in the amount of $11,823,571.37;

WHEREAS, Plaintiffs have requested that the Court enter a permanent injunction against Defendant;

WHEREAS, Plaintiffs and Defendant, through their respective counsel, have met and conferred on Plaintiffs' request for a permanent injunction;

NOW THEREFORE, it is hereby **ORDERED, ADJUDGED AND DECREED** that judgment is entered against Defendant on Plaintiffs' claims of trademark infringement, trademark dilution, and federal unfair competition, and that:

### I. Permanent Injunction

1) Defendant, Dave Kiley, Dave Sparks, Josh Stuart ("Defendant and Related Parties"), and under Fed. R. Civ. P. 65(d)(2)(B)-(C), Defendant's officers, agents, servants, employees, and attorneys, and any other persons or entities in active concert or participation with any of the foregoing, who receive actual notice of this Permanent Injunction Order & Final Judgment ("Order") are permanently enjoined and restrained from:[1]

---

[1] For the sake of clarity, the injunction set forth herein shall not restrict Defendant and Related Parties' right to use DIESELSELLERZ to sell vehicles and/or vehicle parts.

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in apparel or accessory products that incorporate or use any of Plaintiffs' DIESEL Marks (as that term is defined in JSUF, *Dkt. No. 35*, ¶ 23), or any marks that are confusingly similar thereto, including DIESEL POWER GEAR and DIESELSELLERZ, as a trademark on or in connection therewith;

B. directly or indirectly infringing or diluting in any manner any of Plaintiffs' trademark rights in the DIESEL Marks;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' DIESEL Marks to identify the source of any goods or services not authorized by Plaintiffs;

D. using any of Plaintiffs' DIESEL Marks, or any marks confusingly similar thereto, including DIESEL POWER GEAR and DIESELSELLERZ, on or in connection with Defendant and Related Parties' business(es), or Defendant and Related Parties' online retail services (e.g., in connection with Defendant and Related Parties' corporate name(s), domain names, social media handles and/or platforms, mobile applications, etc.) in a manner that is likely to cause confusion with Plaintiffs, their business(es) and/or Plaintiffs' DIESEL Marks;

E. using the stylization **DIESELSellerZ**, or any confusingly similar stylization; and

F. using the dieselpowergear.com or dieselsellerz.com domains for the sale of any apparel or accessory products, or as a redirect to any website that sells any apparel or accessory products.

2

## II. Additional Equitable Relief

IT IS FURTHER ORDERED that, within THIRTY (30) DAYS of this Order, Defendant must deliver up for destruction to Plaintiffs any and all unsold apparel or accessory products that incorporate or use any of Plaintiffs' DIESEL Marks, or any marks that are confusingly similar thereto, and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendant that infringe any of Plaintiffs' trademarks or other rights including, without limitation, Plaintiffs' DIESEL Marks, or bear any marks or artwork that are confusingly similar to Plaintiffs' DIESEL Marks pursuant to 15 U.S.C. § 1118.

## III. Damages Award

IT IS FURTHER ORDERED that Defendant shall be liable to Plaintiffs in the amount of $11,823,571.37.

## IV. Miscellaneous Relief

1) Defendant and Related Parties shall not effect any assignments or transfers, form new entities or associations, or utilize any other device for the purpose of circumventing or otherwise avoiding the obligations or prohibitions set forth in this Order or any subsequent order in this action;

2) Defendant and Related Parties shall not instruct, assist, aid or abet any other person or entity in engaging in or performing any activities in violation of this Order; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

4

**IT IS SO ORDERED.**

SIGNED this __11__ day of __December__, 2023, at __4:30__ _p_.m.

_____
HON. JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

4